KLAUDER-WELDON DYEING MACH. CO. v. GILES et al.

(District Court, N. D. New York. May 28, 1915.)

PATENTS ☞328—VALIDITY AND INFRINGEMENT—DYEING AND MERCERIZING MACHINES.

The Weldon patent, No. 659,906, for a rotary dyeing machine, and the Weldon patent, No. 645,698, for apparatus for mercerizing, *held* valid and infringed, on motion for preliminary injunction.

In Equity. Suit by the Klauder-Weldon Dyeing Machine Company against John H. Giles and the John H. Giles Dyeing Machine Company for infringement of claim 1 of letters patent No. 659,906, for a rotary dyeing machine, granted September 18, 1899, to Leonard Weldon, and claims 1 and 2 of letters patent No. 645,698, for apparatus for mercerizing, granted September 18, 1899, to the same patentee. On motion for preliminary injunction. Granted.

See, also, 212 Fed. 452.

Duell, Warfield & Duell, of New York City, for complainant.

Alfred Wilkinson, of New York City (Christopher J. Heffernan, of Amsterdam, N. Y., of counsel), for defendants.

RAY, District Judge. Letters patent No. 659,906, relates to rotary dyeing machines wherein a reel is mounted upon a tub or dye liquor vat having a curved bottom and ends and carries the skeins or articles to be dyed, dipping them intermittently and successively into the dye liquor. The alleged invention consists in the combination, with the tub having a curved bottom and containing the dye liquor and the revolving reel journaled to one side of the center of the tub, of a curved partition in the tub near the side farthest from the reel, said partition extending in proximity to the bottom and near the upper edge of the tub, and a steam pipe extending transversely across the tub near the bottom and in the space between partition and the side of the tub, said pipe having perforations on the side turned toward the space between the lower edge of the partition and the bottom of the tub, and the invention alleged consists also in other combinations described in the patent.

Patent No. 645,698, relates to alleged improvements in apparatus for mercerizing, and the patent states that the invention consists in the combination with the dye tub of a reel constituted by a pair of large wheels fixed on a revoluble shaft, revoluble removable sticks between the outer rims of the wheels, a pair of smaller wheels loosely mounted on the said shaft between the large wheels, revoluble removable sticks between the outer rims of the small wheels, means to rotate the said reel, gearing mounted on the large wheels and adapted to rotate the small wheels relatively to the large wheels when the large wheels are rotated, and suitable means to regulate or control said relative movement of the parts, and that the invention consists also in other combinations of parts described in the patent and set forth in the claims.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

It would serve no good purpose for this court to enter on a description of the mechanism and construction shown in these patents or that of the alleged infringing devices. The patent is old, but there has been a lengthy contest and litigation in the Supreme Court of the state of New York as to the title of the patents, which finally has been settled in favor of the complainant here. The papers are somewhat voluminous on both sides. Lengthy argument was had, and the court has carefully examined the papers, exhibits, and briefs, and is of the opinion that the patents are valid and that infringement is clearly made out.

Should an appeal be taken from my decision, I think the papers of such a character that the merits of the entire controversy would be before the Circuit Court of Appeals and that its decision would settle the controversy without the necessity of a trial or hearing in open court. It seems to me that all the facts that can be shown are now before the court.

I think the preliminary injunction prayed for should be granted; and it is so ordered.